### (October 6, 1975)

◼    In the Matter of ELWOOD D. HOOPER, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.—After this court referred to a Justice of the Supreme Court the issues in this proceeding to discipline respondent, an attorney, upon charges

of misconduct, respondent submitted to petitioner an affidavit, dated July 28, 1975, in which it is stated, *inter alia,* that he thereby tenders his resignation as an attorney and counselor at law (see rules of this court, 22 NYCRR 691.9). Respondent was admitted to the Bar by this court on April 5, 1933. Generally stated, the charges against him, as set forth in the petition herein, are as follows: Neglecting to perform certain legal services for which he accepted a fee and refusing to return any portion of the fee paid; representing a client whose interests were adverse to those of another client of his; neglecting to institute a proceeding, resulting in the Statute of Limitations operating to bar such a proceeding, and also misrepresenting to the client that such proceeding had been instituted, and refusing to return the fee paid him by the client; accepting for prosecution the claim of a client referred to him by another attorney, but subsequently neglecting to prosecute the action and failing to return the file thereof to said other attorney; refusing to return to his client a $675.93 balance of an escrow account; neglecting to prosecute an action to reacquire title to real property for a client, as a result of which the client still does not have said title; and, when the last-mentioned client complained to the Suffolk County Bar Association, he successfully induced the client to withdraw his complaint by giving him a written guarantee that he (respondent) would pay him (the client) $3,000 and bear all costs of litigation in the event he (respondent) failed to reacquire the title. The Justice to whom this proceeding was referred has submitted a report to this court, dated September 16, 1975, which states that the above-mentioned affidavit conforms to said section 691.9 of this court's rules and that the affidavit "in effect admits the truth of the charges". We agree. The report also recommends that the resignation be accepted. Among other things in the affidavit, respondent acknowledges that he "could not successfully defend himself on the merits against" the charges and states that his resignation "is freely and voluntarily rendered," without "coercion or duress". Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Martuscello, Cohalan and Christ, JJ., concur.